[D.I. 59]
[D.I. 60]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JONATHAN STEVENS, d/b/a JONATHAN STEVENS PAVING,<br><br>  Plaintiff,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>  Defendants. | Civil No. 23-20752 (RMB/AMD) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court by way of motion [D.I. 59] filed by Defendants Phoenix Insurance Group, Inc. and Richard L. Disbrow (hereinafter, the "Phoenix Defendants"), and by way of separate motion [D.I. 60] filed by Defendant Ohio Casualty Insurance Company (hereinafter, "Ohio Casualty"), seeking dismissal of this action due to Plaintiff Jonathan Stevens' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Counsel for the moving defendants filed Affidavits indicating that copies of their respective motions to dismiss were delivered to Plaintiff's last known address by certified mail, return receipt requested, and that the motions were also sent by regular mail which have not been returned to

sender. (*See* Affidavit of Service [D.I. 61], Aug. 1, 2025, p. 2, ¶¶ 3-5; Affidavit of Service [D.I. 62], Aug. 4, 2025, p. 2, ¶¶ 7-9.) Plaintiff has not filed opposition to the pending motions. The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of the request. For the reasons set forth herein, the Court respectfully recommends that Plaintiff's amended complaint be dismissed with prejudice.

By way of background, Plaintiff, through counsel, initiated this action by filing a complaint on August 23, 2023 in the Superior Court of New Jersey, Law Division, Cumberland County seeking a declaration of insurance coverage for property damage to a building. (Compl. [D.I. 1], pp. 2-3.) The case was removed to this Court on September 28, 2023 by Defendant Ohio Casualty, and an answer [D.I. 4] to the complaint was filed on October 18, 2024. Plaintiff, with leave of Court, subsequently filed an amended complaint adding the Phoenix Defendants as parties. Ohio Casualty filed an answer [D.I. 22] to the amended complaint on July 8, 2024. The Phoenix Defendants filed an answer [D.I. 25] to the amended complaint on August 6, 2024.

Although Plaintiff's counsel initially prosecuted this matter on Plaintiff's behalf, on April 8, 2025 counsel filed a motion to withdraw as counsel on the basis that Plaintiff failed to pay attorney's fees as required pursuant to a retainer

2

agreement. (*See* Certification of John M. Palm, Esq. [D.I. 41], pp. 3-4, ¶¶ 15, 16.) By Order dated April 9, 2025, the Court scheduled a hearing on the motion to withdraw for May 6, 2025 and required Plaintiff to appear at the hearing. (Order [D.I. 42], Apr. 9, 2025, p. 1, ¶ 2.) The Order provided that the failure of a party to comply with the Order may result in the imposition of sanctions. (*Id.* at p. 1.) Plaintiff's counsel provided documentation demonstrating that a copy of the April 9, 2025 Order was sent to Plaintiff and that Plaintiff received the mailing. (Order [D.I. 53], May 7, 2025, pp. 1-2.) However, Plaintiff failed to appear for the hearing, at which time the Court granted Plaintiff's counsel's motion to withdraw. (*Id.*)

The Order allowing counsel to withdraw required counsel to serve a copy of the Order on Plaintiff and provided that withdrawal of counsel would "become effective upon proof of service of [the] Order[.]" (*Id.* at p. 2.) Additionally, the Order required Plaintiff to have new counsel enter an appearance by June 6, 2025, or Plaintiff would be required to proceed *pro se*. (*Id.* at p. 2.) The Order further warned that "**compliance with this Order is required, and failure to comply including failure to have new counsel enter an appearance or failure to enter an appearance *pro se*, may result in sanctions, including dismissal of the case for failure to prosecute, in the discretion of the Court.** (*Id.* at p. 3.) On May 28, 2025,

3

Plaintiff's counsel filed proof of service of the May 7, 2025 Order on the docket, noting therein that the Order was delivered to Plaintiff by certified mail on May 17, 2025. (Affidavit of Service [D.I. 54], May 28, 2025.) At this time, counsel has not entered an appearance on Plaintiff's behalf, nor has Plaintiff entered an appearance *pro se*. Consequently, the Phoenix Defendants and Ohio Casualty seek dismissal of Plaintiff's complaint for Plaintiff's failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). Dismissal of an action, however, constitutes a "'drastic sanction[], termed 'extreme' by the Supreme Court, . . . and [is] to be reserved for [such] cases.'" *Chiarulli v. Taylor*, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010), *report and recommendation adopted by* 2010 WL 1566316 (D.N.J. Apr. 16, 2010)(internal citations omitted).

In determining the propriety of dismissal, the Court must ordinarily balance the six factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). The Court need not conduct a balancing of the *Poulis* factors, however, where "a plaintiff refuses to proceed with his case or otherwise makes adjudication of [the] case impossible[.]"

4

*Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012) (affirming district court's dismissal of plaintiff's complaint, even though court did not "appear to weigh the *Poulis* factors"); *see also Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) ("when a litigant's conduct makes adjudication of the case impossible," a *Poulis* balancing "is unnecessary"); *Spain v. Gallegos,* 26 F.3d 439, 454-55 (3d Cir. 1994) (district court did not err in *sua sponte* dismissing case without *Poulis* analysis where plaintiff "willfully refused to prosecute her remaining claims").

In this case, Plaintiff has failed to prosecute this action. Despite multiple warnings from the Court concerning the effect of noncompliance with its Orders, Plaintiff failed to appear for the hearing on May 6, 2025 and failed to enter an appearance *pro se* or through new counsel by June 6, 2025 as required by the May 7, 2025 Order. Moreover, despite Defendants' requests for dismissal of the complaint, Plaintiff did not file opposition to the pending motions, attempt to explain his failure to comply with court orders, or otherwise participate in the prosecution of this action. The Court therefore finds that Plaintiff's conduct has rendered "impossible" the adjudication of Plaintiff's case. *See Abulkhair*, 467 F. App'x at 153. In light of Plaintiff's failure to prosecute, the Court need not conduct a *Poulis* balancing and finds that dismissal of

5

Plaintiff's amended complaint is warranted under the circumstances. Consequently, the Court respectfully recommends that Plaintiff's amended complaint be dismissed with prejudice.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

Dated:  September 2, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JONATHAN STEVENS, d/b/a JONATHAN STEVENS PAVING, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE COMPANY, et al., <br><br> Defendants. | Civil No. 23-20752 (RMB/AMD) |

**PROPOSED ORDER**

This matter having come before the Court by way of motion [D.I. 59] filed by Defendants Phoenix Insurance Group, Inc. and Richard L. Disbrow, and by way of separate motion [D.I. 60] filed by Defendant Ohio Casualty Insurance Company, seeking dismissal of this action due to Plaintiff Jonathan Stevens' failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and the Court noting that no opposition to the motions was filed by Plaintiff; and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local

7

Civil Rule 72.1(c)(2), and no objections having been received; and the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown:

IT IS on this \_\_\_\_\_ day of _____ hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's amended complaint shall be, and is hereby, **DISMISSED WITH PREJUDICE**.

_____
Renée Marie Bumb, Chief
United States District Judge